*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICKY LEWIS and DAMON WILLIAMS

        Plaintiffs,

and

MICHIGAN INSTITUTE OF PAIN AND HEADACHE, P.C., doing business as METRO PAIN CLINIC,

        Plaintiff-Appellee

UNPUBLISHED
February 21, 2019

v

CITY OF DETROIT,

        Defendant-Appellant.

No. 341538
Wayne Circuit Court
LC Nos. 16-004421-NI;
16-004042-NF

Before: JANSEN, P.J., and BECKERING and O'BRIEN, JJ.

BECKERING, J. (*concurring*).

In light of our Supreme Court's ruling in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), and this Court's subsequent holding in *W A Foote Mem Hosp v Michigan Assigned Claims Plan*, 321 Mich App 159; 909 NW2d 38 (2017), I concur with my colleagues regarding the necessary outcome in this matter. We are bound by *Covenant* and *Foote*, despite the challenges that have ensued in pending cases where litigants relied on prior rulings of this Court that held healthcare providers had standing to sue no-fault insurers directly. As the majority opinion notes, *Covenant* held:

> [A] review of the plain language of the no-fault act reveals no support for plaintiff's argument that a healthcare provider possesses a statutory cause of action against a no-fault insurer. This conclusion does not mean that a healthcare provider is without recourse; a provider that furnishes healthcare services to a person for injuries sustained in a motor vehicle accident may seek payment from the injured person for the provider's reasonable charges. However, a provider

-1-

simply has no statutory cause of action of its own to directly sue a no-fault insurer. [*Covenant Med Ctr, Inc*, 500 Mich at 217-218 (footnotes omitted).]

At oral argument, plaintiff, Michigan Institute of Pain and Headache, PC, doing business as Metro Pain Clinic, argued that despite the fact that it has no statutory cause of action of its own to directly sue defendant, the City of Detroit, it was entitled to file and have enforced its "Notices of Liens" for repayment of medical bills in the action filed by Ricky Lewis and Damon Williams, just as medical healthcare insurers such as Blue Cross Blue Shield of Michigan do in personal injury claims. However, healthcare insurers entitled to such liens have a contractual right (by way of a subrogation clause) to do so. Plaintiff has produced no evidence nor cited any legal authority entitling it to a lien in this instance. Thus, it has abandoned the issue. *Flint City Council v Michigan*, 253 Mich App 378, 393 n 2; 655 NW2d 604 (2002) ("this Court will not search for authority to support a party's position, and the failure to cite authority in support of an issue results in its being deemed abandoned on appeal.") As such, I concur in the majority opinion.


/s/ Jane M. Beckering